UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DALIA BENITEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-208 |
| | § | |
| JIM RUMAGE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On Wednesday, July 27, 2011, the Court held a pre-trial conference in the above styled action with the Plaintiff appearing by telephone. Plaintiff failed to serve Defendants Banquete Independent School District and Jim T. Rumage, and thus Defendants did not enter an appearance.

### I. Jurisdiction

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq*.

### II. Background

Plaintiff brings the following claims against Defendant Banquete Independent School District and Defendant Jim T. Rumage: discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12102 et seq., ("ADA"); mail and wire fraud, 18 USC §§ 1341, 1343; and the Hate Crimes Prevention Act, 18 U.S.C. § 249.

1II.  Discussion

    A.  **Mail and Wire Fraud**

At the conference, the Court dismissed without prejudice Plaintiff's claims under the mail and wire fraud statutes, 18 USC §§ 1341, 1343, as against both Defendant Banquete Independent School District and Defendant Rumage.

To maintain a claim for wire fraud under § 1341, a plaintiff must show that the defendants participated in a scheme to defraud involving the use of interstate wires for the purpose of executing the scheme, resulting in some intended harm. United States v. Richards, 204 F.3d 177, 207 (5th Cir.2000). Similarly, to establish a claim for mail fraud under § 1343, a plaintiff must demonstrate that the defendants were involved in a scheme to defraud involving the use of mails for the purpose of executing the scheme. United States v. McClelland, 868 F.2d 704, 706 (5th Cir.1989).

However, these statutes do not provide a private cause of action. See Napper v. Anderson, Henley, Shields, Bradford & Pritchard, 500 F.2d 634, 636 (5th Cir. 1974) cert. denied, 423 U.S. 837 (1975) (no private cause of action under Wire Fraud Act); see also Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-1179 (6th Cir. 1979) (no implied federal private causes of action accrue to victims of mail fraud). Therefore, the Court dismissed these claims as against both Defendants.

    B.  **Hate Crimes Prevention Act**

For the same reason, the Court dismissed without prejudice Plaintiff's claims under the Hate Crimes Prevention Act, 18 U.S.C. § 249, as against both Defendant Banquete Independent School District and Defendant Rumage.

The "Hate Crimes Prevention Act," 18 USC § 249, "generally provides criminal penalties for intentionally causing bodily injury to another person when the injury was motivated by the actual or perceived religion, race, color, national origin, gender, sexual orientation, gender identity, or disability of the victim." Glenn v. Holder, 738 F.Supp.2d 718, 719-20 (E.D.Mich.,2010).[1]  However, the Hate Crimes Prevention Act does not provide for any civil cause of action.  See Lee v. Lewis, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010) (18 U.S.C. § 249 does not provide "for any civil cause of action that may be raised by private individuals").  Therefore, the Court dismissed this claim as against both Defendants.

### C. Claims Under Title VII, the ADEA, and the ADA

The Court also dismissed without prejudice Plaintiff's claims under Title VII, the ADEA, and the ADA with respect to Defendant Rumage only.

To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show "(1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she suffered an adverse employment action; and (4) others similarly situated but outside

---

[1] The Act provides, in relevant part:

> Whoever, whether or not acting under color of law, in any circumstance described in subparagraph (B) or paragraph (3), willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived religion, national origin, gender, sexual orientation, gender identity, or disability of any person--
>
> (i) shall be imprisoned not more than 10 years, fined in accordance with this title, or both; and
>
> (ii) shall be imprisoned for any term of years or for life, fined in accordance with this title, or both, if--
>
> (I) death results from the offense; or
>
> (II) the offense includes kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill.

§ 249(a)(1).

the protected class were treated more favorably." Alvarado v. Texas Rangers, 492 F.3d 605, 611 (5th Cir. 2007).

To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must demonstrate that she (1) belongs to the protected group of persons over the age of forty; (2) was qualified for her position; (3) was discharged; and (4) was replaced with someone younger or outside the protected group. Cervantez v. KMGP Services Co. Inc., 349 Fed.Appx. 4, 8 (5th Cir. 2009).

To establish a *prima facie* case of discrimination under the ADA, Plaintiff must show that (1) she is disabled or is regarded as disabled; (2) she is qualified for the job; (3) she was subjected to an adverse employment action on account of his disability; and (4) she was replaced by or treated less favorably than non-disabled employees. Milton v. Nicholson, 256 Fed.Appx. 655, 657 (5th Cir. 2007).

However, under Title VII, the ADEA, and the ADA, only an "employer" can be made liable for unlawful discrimination. See Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir.1994) ("Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII."); see also Smith v. Amedisys Inc., 298 F.3d 434, 442 (5th Cir. 2002) (holding that the ADA is enforced in the same manner as Title VII); Lehman v. Nakshian, 453 U.S. 156, 168 n. 15 (1981) (holding that the ADEA is construed in accordance with Title VII).

Defendant Rumage is a Superintendant in the Banquete Independent School District. He is not an "employer" for purposes of Title VII, the ADEA, or the ADA. See Grant, 21 F.3d at 652. Therefore, the Court dismissed without prejudice Plaintiff's claims under Title VII, the ADA, and the ADEA as against Defendant Rumage only.

**IV. Order to Serve Defendant, Supplement Pleading and Appear**

The Court then ORDERED Plaintiff, within fourteen (14) days, to serve Defendant Banquete Independent School District with the complaint and summons as well as a copy of this Order.

The Court further ORDERED that within fourteen (14) days Plaintiff must file an amended complaint detailing: (1) the date on which Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") bringing claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. §§ 621 et seq.), and the Americans with Disabilities Act (42 U.S.C. §§ 12102 et seq.); and (2) the date on which the EEOC issued Plaintiff a notice of right-to-sue.

The Court further ORDERED Plaintiff to appear in-person at 1133 N. Shoreline Boulevard, Corpus Christi, Texas, 78401, on August 18, 2011 at 11 a.m for a continued initial pre-trial conference.

**V. Conclusion**

For the reasons stated herein, Plaintiff's claims under the mail and wire fraud statutes, 18 USC §§ 1341, 1343, and the Hate Crimes Prevention Act, 18 U.S.C. § 249, are DISMISSED without prejudice as to both Defendants.  Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12102 et seq., are hereby DISMISSED without prejudice as to Defendant Rumage only.   Plaintiff shall within fourteen (14) days serve Defendant Banquete Independent School District with her complaint and this Order and amend her complaint in the manner

detailed above. Plaintiff shall appear in-person for her continued initial pre-trial conference on August 18, 2011 at 11 a.m.

SIGNED and ORDERED this 27th day of July, 2011.

                                                 Janis Graham Jack
                                         Senior United States District Judge